# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GOPALAKRISHNA PILLAI AJEESH KUMAR KAMMARAYIL, *et al.*, | |
| Plaintiffs, | Civil Action No. 15-1699 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| STERLING OPERATIONS, INC., *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

Pending before the Court is the United States' Motion to Dismiss Pursuant to 31 U.S.C. § 3730(c)(2)(A) ("Gov't Mot. Dismiss"), ECF No. 35, this *qui tam* action, brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(1), and the relators' Motion for the Court to Strike [ECF] Document 35 and Order the United States to Substitute a Notice of Dismissal in Its Place ("Rels.' Mot."), ECF No. 36. For the reasons set out below, the government's motion is granted, and the relators' motion is denied.

The relators' motion raises the threshold issue of whether the government, in seeking dismissal of this case, properly filed a motion to effectuate that result or, as the relators suggest, should simply have filed a notice of dismissal, "pursuant to the government's authority under 31 U.S.C. § 3730(c)(2)(A) or pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)." Rels.' Mem. Supp. Rels.' Mot. ("Rels.' Mem.") at 3, ECF No. 36-1. The relators posit that the distinction is important because "[t]he effect of filing [a] motion is to ask the Court to give its approval to the government's justifications for dismissing the action," *id.* at 1, and "it would be improper for this Court to lend its imprimatur to the government's unilateral decision not to pursue this False

1

Claims Act case," *id.* at 2. To avoid this "imprimatur," the relators argue the government's motion should have been filed as a notice of dismissal. The relators' argument is misplaced, however, because the FCA itself unambiguously prescribes the government's "filing of the motion" in order to dismiss the action. *See* 31 U.S.C. § 3730(c)(2)(A); *see also* Gov't's Reply Supp. Mot. Dismiss ("Gov't's Reply") at 1, ECF No. 37 (noting that Fed. R. Civ. P. 41(a)(1) explicitly limits its own applicability subject to any federal statute). Therefore, the government's filing of a motion to dismiss, rather than a notice of dismissal, is proper, and the relator's motion is denied.

As for the government's motion to dismiss, the legal standard that applies in this Circuit is clear: "the government has what amounts to 'an unfettered right to dismiss' a *qui tam* action." *United States ex rel. Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 65 (D.C. Cir. 2008) (quoting *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003)). The relators concede as much. *See* Rels.' Mem. at 1 (noting as "given the Department of Justice's 'unfettered discretion' to dismiss *qui tam* False Claim Act cases"). The FCA sets out two procedural requirements that the government must satisfy before dismissing a *qui tam* action, namely: (1) notify the relators of the filing of the motion, and (2) provide the relator with "an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). The hearing is "'a formal opportunity to convince *the government* not to end the case,'" *Hoyte*, 518 F.3d at 65 (quoting *Swift*, 318 F.3d at 253) (emphasis added), and thus not an opportunity to persuade the Court to deny the motion.

The government has satisfied both statutory requirements for its motion to dismiss, and the relators do not contend otherwise. Regarding the first requirement, the government notified the relators by email, dated January 25, 2019, of its intention to dismiss the action. The government's email was included by the relators as an exhibit to their motion for a temporary

restraining order ("TRO") barring the government from proceeding with the dismissal, which TRO motion was denied after an oral hearing the same day it was filed. *See* Relators' Sealed Motion for a Temporary Restraining Order to Bar DOJ from Taking Any Act Under 31 U.S.C. § 3730(c)(2)(A) Prior to Complying with the Court's Orders of December 31, 2018 and January 25, 2019, and Meeting and Conferring with Relators' Counsel, in Good Faith, Regarding the Merits of the Case ("Sealed TRO Mot."), Ex. 1, E-mail from Darrell Valdez, Assistant U.S. Attorney, to Joseph Hennessy, relators' counsel (Jan. 25, 2019), ECF No. 34; Sealed Minute Entry (Feb. 1, 2019). As to the second statutory requirement for dismissal, the government's email notifying the relators of its intention to dismiss also offered the relators an opportunity to be heard as to why the complaint should not be dismissed. Whether the relators accepted the government's offer before the TRO hearing is unclear, but, at any rate, the relators had an opportunity to be heard before this Court, with the government present, in order to resolve their TRO Motion. *See* Sealed Minute Entry (Feb. 1, 2019). Therefore, the government has met both procedural requirements for its motion to dismiss, which is granted.

In addition to seeking dismissal of the complaint, the government also requests that this Court vacate as moot (1) the Court's Order, dated December 31, 2018 ("December 2018 Order"), directing the government to deliver to the relators its seven sealed motions and associated extension memoranda, *see United States ex rel. Kammarayil v. Sterling Operations, Inc.*, No. 15-cv-1699, 2018 WL 6839747 (D.D.C. Dec. 31, 2018), and (2) the subpoena *duces tecum* served by relators upon the United States demanding that "the United States turn over, by February 11, 2019, all documents and other content of the United States Attorney's Office file in this matter, including all attorney work-product and all attorney-client communications." Gov't Mot. at 1 n.2. The explicit purpose of the December 2018 Order was "to inform the relators about any

weaknesses in their claims that may have been uncovered by the government about which they should be aware in deciding how or whether to pursue this litigation." *Sterling Operations*, 2018 WL 6839747, at *1.[1]  Now that the government is dismissing this action, the decision of whether to further litigate this claim on behalf of the United States has been made for the relators—by the United States, the "real party in interest to an FCA suit, regardless of whether it has intervened." *United States ex rel. McCready v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 114, 119-20 (D.D.C. 2003).  Thus, the December 2018 Order partially unsealing the government's seven motions for extension of time to consider election to intervene and associated memoranda of law, docketed at ECF Nos. 2, 4, 8, 10, 13, 15, and 18, for delivery to relators' counsel is vacated and those docket entries shall remain sealed.

Moreover, for the same reason, the relators subpoena *duces tecum* to the government should be quashed, as the government requests, not only for "requir[ing] disclosure of privileged or other protected matter," but also because the burden of complying would be "undue" after dismissal of the complaint to which the subpoenaed materials may be relevant.  FED. R. CIV. P. 45(d)(3)(A)(iii) & (iv) (providing bases for quashing of subpoena).

Accordingly, it is

---

[1]    The December 2018 Order explicitly rejected the relators' reasoning that the government's memoranda should be partially unsealed "to test the veracity of the government's representations" to the Court.  *Sterling Operations*, 2018 WL 6839747, at *5.  In their sealed TRO motion, the relators again suggest that the government may be acting in bad faith, but relators offer no evidence to support that claim.  *See* Sealed TRO Motion.  By contrast, the government has put forth legitimate reasons for dismissing the action, *see* Gov't's Mot. Dismiss at 4-5 (explaining the United States' conclusion that the "claims lack substantial merit" because there was no "harm or damage to the United States," and that litigation "would require unnecessary expenditures of Government resources").  Thus, recognizing that the D.C. Circuit left "the door only barely ajar for review in an exceptional circumstance—in particular, where there is 'fraud on this court,'" *Hoyte*, 518 F.3d at 65 (quoting *Swift*, 318 F.3d at 253), the complete absence of evidence indicating fraud makes any possible fraud exception inapplicable in this case.  Any disagreement the relators have with the government's reasoning simply does not "deprive the Executive Branch of its historical prerogative to decide which cases should go forward in the name of the United States." *Hoyte*, 518 F.3d at 64 (quoting *Swift*, 318 F.3d at 253).

**ORDERED** that the Complaint, ECF No. 1, is dismissed without prejudice; and it is further

**ORDERED** that the Court's Order, dated December 31, 2018, ECF No. 29, directing the partial unsealing for delivery to relators' counsel of government motions and associated memoranda of law, docketed at ECF Nos. 2, 4, 8, 10, 13, 15, and 18, is vacated as moot; and it is further

**ORDERED** that the relators' subpoena *duces tecum* served upon the United States is quashed, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 45(d)(3)(A); and it is further

**ORDERED** that the Clerk of Court close this case.

**SO ORDERED**.

Date: February 6, 2019

_____
BERYL A. HOWELL
Chief Judge